# CIRCUIT COURT OF FAIRFAX COUNTY

Hogg et al.

v.

Long Fence Co., Inc.

May 11, 2000

Case No. (Law) 182826

BY JUDGE JONATHAN C. THACHER

This matter came before the court on May 5, 2000, on Defendant's Demurrer to Count II of Plaintiffs' Amended Motion for Judgment. For reasons set forth below, the Demurrer to Count II, Fraudulent Inducement, is sustained without leave to amend. Punitive damages of $75,000.00 based on the Fraudulent Inducement claim are dismissed with prejudice.

Plaintiff argued that the Amended Motion for Judgment was sufficient because it alleged all of the necessary elements of fraud. Plaintiff contended that time was of the essence, that the completion date of March 31, 1999, was material to the contract formation, and failure on the part of the Defendant to complete the deck on time after they had promised to do so was fraudulent inducement to contract.

The false representation must be material in order to recover. The Court does not disagree that failure to complete the deck on time may have been material at the time of formation of the contract. Had Defendant begun construction of the deck prior to March 31, 1999, Plaintiff could argue that at that time it was reasonable for them to rely on Defendant's ability to complete the project on time. However, that is not the case here. In this case, the time for completion passed, and Plaintiff knew at that time that the contract was breached. Plaintiff allowed the Defendant to begin construction of the deck. If time was of the essence, Plaintiff could have treated Defendant's failure to begin construction until after March 31, 1999, as an anticipatory repudiation, and taken action at that time to recover the $10,000.00 on deposit. Plaintiff

waived his claim that time was of the essence and is estopped from alleging materiality on that issue.

Plaintiffs must also show that they relied on defendant to their detriment. If there was concealment and inducement for Plaintiff to sign the contract based on the promised date of completion, that concealment vanished after the completion date had passed and construction of the deck had not begun. After March 31, 1999, Plaintiff knew the contract as written could not be performed. In *Metrocall of Del. v. Continental Cellular*, 246 Va. 365, 366, 437 S.E.2d 189 (1993), the Supreme Court held that to establish fraud, it is essential that the defrauded party demonstrate the right to reasonably rely upon the misrepresentation. In this case, Plaintiff could not have reasonably relied on the time of the essence clause because Plaintiff knew it was impossible for Defendant to comply with that term when the completion date had passed. In *King v. Commercial Finance Co.*, 163 Va. 260, 175 S.E. 733 (1934), the court held that in an action on a renewal note, where the purchaser set up the defense of fraud, "the results on a new trial would be the same because when the renewal note was executed, the maker knew of any misrepresentations that had been made to him and elected to stay with the corporation." *Id.* at 261. Repudiation on the ground of fraud must be prompt. Where one with knowledge elects to stay with the company, he will not be heard afterward to complain. *Akers, etc. v. Radford State Bank, Inc.*, 153 Va. 1, 149 S.E. 528 (1929).